UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA,            :

                                                         :       10 Cr.  96 (DLC)

- v. -                                          :

SERGEY ALEYNIKOV,                       :

                                       Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## The Government's Response to Defendant's Revised Subpoena

The United States respectfully submits this response to the defendant's revised, June 24, 2010 subpoena *duces tecum* to Goldman Sachs & Co.  The United States agrees with the objections of Goldman Sachs – the victim in this criminal case – to the revised subpoena, as set forth in Goldman Sachs's June 28, 2010 submission.  The United States also respectfully refers the Court to the Government's submission of June 23, 2010 and incorporates those arguments.

## Discussion

### The Defendant's Purported Justifications for the Proprietary Information in its Revised Suboena Fail to Meet the Nixon Standards

The defendant's revised subpoena is, in many respects, substantially similar to the initial subpoena served on June 10, 2010.  Therefore, the Government refers to the defendant's purported justifications in his June 21, 2010 brief regarding his original subpoena.  The defendant claims that he seeks Goldman Sachs's high-frequency trading system[1] and certain of

---

[1] The defendant's initial subpoena sought the entire platform.  See June 10, 2010 subpoena, request no. 1.  The defendant's revised subpoena seeks the portions of the platform other than those that Aleynikov allegedly stole, see June 24, 2010 subpoena, request no. 1. Because the Government has produced to the defendant the portions of the platform that he allegedly stole, the defendant's revised subpoena, in essence, still requests that he have access to the entire platform.

its components for the following reasons: (1) to show that the defendant did not actually take the trading platform; (2) to distinguish the supposedly non-proprietary materials the defendant downloaded from the proprietary materials in other portions of the platform; (3) to explain how any code the defendant downloaded functioned within the entire system, and (4) to show that portions of the platform that the defendant copied were supposedly of little value compared to other components. See Def. Mem. for Court approval *nunc pro tunc* at 15-16. These justifications are insufficient because they do not establish that the materials sought are evidentiary and relevant, or that the defendant cannot properly prepare for trial without such production and inspection in advance of trial. See United States v. Nixon, 418 U.S. 683, 698-700 (1974) (listing the required showing for a Rule 17(c) subpoena). See also Gov. Response to Req. for Order to Show Cause (June 23, 2010) at 6.

The Government has already produced to the defendant copies of his laptop and other devices in which he stored the trade secrets he allegedly downloaded. The defendant's claim, then, that he is entitled to the trade secrets allegedly stolen, see Def. Mem. at 16, is disingenuous because those trade secrets have been produced, along with a list of files that he allegedly stole.

The fact that other trade secrets exist, or that what the defendant allegedly stole was part of a larger system, or that other trade secrets may be more valuable, is irrelevant to the charges in the Indictment and the issue of whether the items he stole were trade secrets. The defendant does not need access to additional, proprietary information in order to attempt to show that he did not steal other proprietary information – information that has previously been produced in discovery by the Government. The existence of additional, potentially more valuable trade secrets that the defendant did not steal is not a defense. See, e.g. cases cited in Goldman Sachs's June 28, 2010

2

brief at 5 n.2; United States v. Kennedy, 819 F. Supp. 1510, 1520 (D. Colo. 1993) (in a criminal case alleging a Ponzi scheme, denying defendants' request for discovery of information showing that they acted properly with respect to certain clients as irrelevant and exceeding the scope of *Brady* materials). Therefore, the defendant's justifications for the discovery requests relating to the trading platform, its components, and other trade secrets fail to meet the Nixon standards.

In the defendant's memorandum of law in support of a motion for Court approval *nunc pro tunc* of his initial subpoena, the defendant attempts to justify each request on the grounds that he intends to file a motion to dismiss the indictment for insufficient evidence. See Def. Br., passim. The defendant's purported justification is inadequate, because allegedly insufficient evidence is not appropriately addressed on a pretrial motion to dismiss an indictment under the Federal Rules of Criminal Procedure.

Federal Rule of Criminal Procedure 12(b)(2) provides, "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. Pro. 12(b). The Second Circuit has observed, "The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged." United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Alfonso, 143 F.3d at 776 (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). "[T]he sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment" unless the Government has made a "full proffer of the evidence it intends to present at trial" – in other words, a "detailed presentation of

3

the evidence that it would present to a jury." <u>Alfonso</u>, 143 F.3d at 776-77.  Here, the

Government is not required to, and has not made, a "full proffer" of the evidence it intends to

present, so any motion to dismiss the indictment for insufficient evidence would not be a valid

motion under the Federal Rules of Criminal Procedure.

      For the above reasons, the defendant has failed to show that Goldman Sachs's trading

platform, its components, and other proprietary information sought in his revised subpoena meet

the <u>Nixon</u> standards for admissibility and relevance.  In addition, as stated in the Government's

June 23, 2010 brief, trade secrets should be protected from disclosure to the fullest extent

possible.  <u>See</u> 18 U.S.C. § 1835 (authorizing courts to enter orders as necessary to preserve the

confidentiality of trade secrets).


Dated:      New York, New York
           June 28, 2010

                  Respectfully submitted,

                  PREET BHARARA
                  United States Attorney
                  Southern District of New York

      By:         /s/ Rebecca A. Rohr      
                  Joseph P. Facciponti
                  Rebecca A. Rohr
                  Assistant United States Attorneys
                  (212) 637-2522 / 2531
                  Fax: (212) 637-2620

**Certificate of Service**                                    **Filed Electronically**

The undersigned attorney, duly admitted to practice before this Court, hereby certifies that on the below date, she served the following document in the manner indicated:

**The Government's Response to Defendant's Revised Subpoena**

Service via Clerk's Notice of Electronic Filing upon the following attorney, who is a Filing User in this case:

      Kevin Marino, Esq.

Service via e-mail, having received written consent to service by e-mail, upon the following attorney who is not a Filing User in this case:

      Matthew Friedrich, Esq.

Dated: New York, New York
       June 28, 2010

                              /s/ Rebecca A. Rohr
                      Rebecca A. Rohr
                      Assistant United States Attorney