USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br>v.<br><br>SERGEY ALEYNIKOV,<br><br>                    Defendant | Case No. 10 CR. 96 (DLC)<br><br>**PROTECTIVE ORDER** |

On the motion of non-party Goldman, Sachs & Co. ("Goldman Sachs"), by its counsel, Matthew Friedrich, Esq., and with the consent of Sergey Aleynikov ("Aleynikov"), the defendant, by his counsel, Kevin Marino, Esq., and the consent of the United States of America, Preet Bharara, United States Attorney for the Southern District of New York, by Joseph P. Facciponti, Assistant United States Attorney, of counsel;

IT IS HEREBY DETERMINED that the Indictment in this case charges Aleynikov with theft of trade secrets, in violation of Title 18, United States Code, Section 1832; interstate and foreign transportation of stolen property, in violation of Title 18, United States Code, Section 2314; and unauthorized computer access, in violation of Title 18, United States Code, Section 1030; and

IT IS FURTHER DETERMINED that trial in this matter is set to begin on November 29, 2010; and

IT IS FURTHER DETERMINED that, on or about May 4, 2010, Kevin Marino, Esq., filed a notice of appearance in this case, replacing the Federal Defenders of New York, Inc., as Aleynikov's counsel in this matter; and

1

IT IS FURTHER DETERMINED that Aleynikov has sought leave from this Court to subpoena certain documents and electronically stored information from Goldman Sachs under Federal Rule of Criminal Procedure 17(c), and that some of such documents and electronically stored information include information and data Goldman Sachs deems as proprietary trade secrets belonging to Goldman Sachs; and

IT IS FURTHER DETERMINED that this Court has ordered Goldman Sachs to produce certain documents[1] responsive to Aleynikov's requested subpoena; and

IT IS FURTHER DETERMINED that pursuant to Title 18, United States Code, Section 1835, the entry of this Order is necessary and appropriate to protect the confidentiality of the trade secrets that are at issue in this case, and further, that pursuant to Federal Rule of Criminal Procedure 17(c)(2), this Order is necessary to prevent the production of documents ordered by this Court from being unreasonable or oppressive. Accordingly,

IT IS HEREBY ORDERED:

1. Copies of certain documents which Goldman Sachs intends to produce to Aleynikov are deemed "Confidential Information." To designate material covered by this Order, Goldman Sachs shall so designate such material, on the material itself, in an accompanying cover letter, or on a disc cover, by using the following designation: "Confidential Information – Subject to Protective Order."

---

[1] In the event this Court requires Goldman Sachs to produce electronically stored or proprietary information about its the high-frequency trading platform ("the Plaform"), including, but not limited to, source code, components, or details of the Platform itself, Goldman Sachs will be permitted to make application to submit a supplemental Protective Order to address confidentiality issues relating to such materials.

2. Confidential Information disclosed to defense counsel pursuant to this Order:

(a) Shall be used only in connection with proceedings in *United States v. Sergey Aleynikov*, 10 CR. 96 (DLC);

(b) Shall be kept in the sole possession of Aleynikov's attorney and shall not be disclosed in any form by Aleynikov's attorney except as set forth in Paragraph 2(c) below;

(c) May be disclosed by Aleynikov's attorney only to the following persons ("Designated Persons"), provided that such Designated Persons agree to comply with all of the terms of this Order:

    (i) Sergey Aleynikov;

    (ii) investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by Aleynikov's attorney; and

    (iii) independent expert witnesses, investigators, or advisors retained by Aleynikov's attorney in connection with this action;

(d) Shall be returned to Goldman Sachs following the conclusion of this case, and any and all copies made of said material shall be shredded and destroyed;

(e) Shall not be reviewed by Aleynikov except in the presence of his attorney or another Designated Person identified in Paragraphs 2(c)(ii) or 2(c)(iii), and at no time shall Aleynikov be given custody of the Confidential Information or any copies thereof; and

(f) Shall not be transmitted between and among Aleynikov's attorney and Designated Persons over the Internet or by e-mail.

3. Aleynikov's attorney shall provide a copy of this Order to Designated Persons to whom he discloses Confidential Information pursuant to Paragraphs 2(c)(i), (ii), and (iii), and require them to sign the Acknowledgment (form annexed hereto), acknowledging receipt of the

Order and their agreement to comply with the terms thereof. Designated Persons shall be subject to all of the terms of this Order.

4. If Kevin Marino, Esq., is relieved as counsel for Aleynikov, the Confidential Information and any copies thereof shall be returned to Goldman Sachs unless replacement counsel agrees to be subject to the terms of this Order.

5. The provisions of this Order shall not be construed as preventing the disclosure of Confidential Information to any judge or magistrate of this Court in any motion, hearing, trial, or sentencing proceeding held in *United States v. Sergey Aleynikov*, 10 CR. 96 (DLC).

Dated: New York, New York
June 2⁴, 2010

SO ORDERED:

_____
Hon. Denise Cote
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

_____          6/29/10
Kevin Marino, Esq.                        Date
Attorney for Sergey Aleynikov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff<br>v.<br><br>SERGEY ALEYNIKOV,<br><br>                              Defendant | Case No. 10 CR. 96 (DLC)<br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |

I have read and understand the foregoing Protective Order dated June ___, 2010 entered in the above-captioned action. I hereby agree to abide by all terms of the Protective Order. I understand that the unauthorized disclosure of documents or information governed by the Protective Order constitutes a violation of the Protective Order and contempt of court. Solely for purposes of the enforcement of the Protective Order as part of this action, I hereby consent to the exercise of personal jurisdiction over me by the United States District Court for the Southern District of New York.

Dated: _____ ___, 2010      Agreed and accepted:

                                 By: _____ _____ _____

                                 Name (please print): _____ _____ ____

                                 Position/Title: _____ _____