UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| -v.- | : | 10 Cr. 96 (DLC) |
| SERGEY ALEYNIKOV, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - -x

**GOVERNMENT'S MOTION TO SEAL CERTAIN MATERIAL
RELATED TO THE PARTIES' MOTIONS *IN LIMINE*** 

The Government respectfully submits this application to advise the Court of an issue which has arisen concerning the parties' motions *in limine* – which are due this Friday, October 22, 2010 – and to seek appropriate relief. At this time, both parties are expected to file motions.

On October 18, 2010, the undersigned spoke by telephone with defense counsel and requested that the defendant file under seal any exhibits to his motions that contained material that had been produced to the defendant subject to the protective orders in this case. Later that same day, the Government received a letter from defense counsel indicating that the defendant would not comply with the Government's request because (i) the terms of this Court's protective orders do not require it and (ii) the defendant does not believe that anything the Government has produced in discovery in this case meets the standard for a sealing order. (A copy of the letter is attached as Exhibit A). The letter further suggested that "if the Government believes

that any of the materials it has produced in discovery are the proper subject of a sealing order," the Government should make an application to the Court. The letter does not disclose which of these materials, if any, the defendant intends to include with his *in limine* motions.

Accordingly, the Government respectfully requests that the Court order that, should the parties seek to attach any material subject to the protective orders in this case as supporting exhibits to the forthcoming *in limine* motions, those exhibits be filed under seal. The Government further respectfully requests that the Court order that any portion of the motions *in limine* that discuss the substance of any trade secret belonging to Goldman Sachs & Co. ("Goldman"), or third party, be redacted from the public filing and be filed under seal. Finally, the Government respectfully requests that the Court render a decision on this application in time for the filing of motions on Friday, or, at the very least, order that such material be filed under seal as a protective measure until the Court reaches a decision on this application.

The Economic Espionage Act of 1996 (the "EEA") clearly provides this Court with the authority to order that any exhibits to the parties' motions *in limine* that are subject to the protective orders in this case be filed under seal. Specifically, Section 1835 expressly provides that, during

2

criminal trade secrets prosecutions, courts "*shall* enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835 (emphasis added). While Section 1835 does not "abrogate existing constitutional and statutory protections for criminal defendants[,] [i]t does, however, represent a clear indication from Congress that trade secrets are to be protected to the fullest extent during EEA litigation." *United States v. Hsu*, 155 F.3d 189, 197 (3d Cir. 1998). Section 1835 is necessary for the effective enforcement of the EEA because it protects trade secrets owners "who might otherwise 'be reluctant to cooperate in prosecutions for fear of further exposing their trade secrets to public view, thus further devaluing or even destroying their worth.'" *Id*. (Quoting H.R. Rep. No. 104-788, at 13, *reprinted in* 1996 U.S.C.C.A.N. 4021, 4032 (1996)).

In this case, the Court signed, on consent, two protective orders – one on May 4, 2010 and another on June 29, 2010 – that are expressly intended "to protect the confidentiality of the trade secrets that are at issue in this case."[1] (*See*, *e.g.*, Protective Order signed May 4, 2010). In addition, these orders contain an express finding that there is "good cause" to adopt

---

[1] On September 10, 2009, Judge Gerard E. Lynch signed a substantially similar protective order in this case which governed disclosures of confidential material to the defendant's former counsel on this matter. Copy of these three orders are attached as Exhibits B, C, and D.

3

the protections set forth in the orders.

The protective orders prohibit the disclosure of any material designated as "Confidential Information" to third parties, with certain limited exceptions. For example, the orders provide that Confidential Information can only be disclosed to the defendant, defense counsel, and independent experts, investigators, and advisors hired by defense counsel in connection with this case. Further, the orders provide that the defendant is not to review or possess any Confidential Information except in the presence of his attorney or another advisor; that Confidential Information shall not be transmitted over the internet; and that Confidential Information shall be destroyed or returned at the conclusion of this case. Because the provisions of the protective orders would be rendered meaningless if the defendant could, as part of a pretrial motion, simply file any document containing Confidential Information through the Court's public ECF system, any exhibits to the parties' *in limine* motions containing material subject to the protective orders must be filed under seal.[2]

Moreover, the two reasons provided in defense counsel's October 18, 2010 letter opposing the Government's request are

---

[2]One of the motions the Government intends to file with its motions *in limine* is an application addressing the handling of trade secrets at trial, including the sealing of exhibits and transcripts and the closure of the courtroom during portions of the trial in this matter.

4

unpersuasive.  In the first, defense counsel contends that because the protective orders provide that they "shall not be construed as preventing the disclosure of Confidential Information to any judge or magistrate of this Court in any motion, hearing, trial, or sentencing proceeding," they do not require that such materials be filed under seal.  It is true that the orders contemplate that materials could of course be submitted to the Court, and although the orders do not refer to filing under seal, the purpose of the orders is to prevent public disclosure of the materials.  Thus, the defendant's interpretation of the protective orders is grossly at odds with the spirit of the orders themselves, which would be rendered a nullity if the defendant could choose to publicly disclose whatever Confidential Information he wishes in his pretrial filings.

The defendant next argues that an order sealing any motion exhibits that contain information subject to the protective orders requires that the Government show "good cause."  The defendant further asserts that the Government cannot meet this standard in this case because the defendant does not believe that *any* of the material produced by the Government meets that standard, including, apparently, the actual Goldman source code at issue in this case.  However, while there are common-law and First Amendment rights of access that govern the sealing of

documents in court cases, *see*, *e.g.*, *In the Matter of the Application of the New York Times Co. to Unseal Wiretap and Search Warrant Materials*, 577 F.3d 401, 405, 409 (2d Cir. 2009), those rights must be balanced against such considerations as the "government's interest in confidentiality and privacy." *Id*. at 405. Here, the Government interest has already been identified by Congress in the statutory provisions and legislative history of the EEA as the protection of a victim's trade secrets. Specifically, Section 1835 was enacted to "preserve the confidentiality of alleged proprietary economic information during legal proceedings under the Act consistent with existing rules of criminal procedure and evidence, and other applicable laws." S. Rep. 104-359, 17, 1996 WL 497065. Section 1835 "preserves the information's confidential nature and, hence, its value." *Id*.

The defendant suggests that the Government, at this time, identify specific items that it has produced subject to the protective orders and move that they be filed under seal. This suggestion is disingenuous. The defendant has provided the Government with no information as to what confidential information he intends include in his motions *in limine*, and thus, the Government would be required to identify and litigate the sealing of many items of evidence with little idea if the defendant even intends to rely on them in his motions. More

6

importantly, however, this type of litigation is inappropriate at this stage of the proceeding: "It is important that in the early stages of a prosecution the issue whether material is a trade secret not be litigated.  Rather courts should, when entering these orders, always assume that the material at issue is in fact a trade secret."  142 Cong. Rec. S12201-03, S12213, 1996 WL 559474.

Finally, the Government notes that the defendant has not contended that he would suffer prejudice from the Government's application and the Government is not aware that of any prejudice to him from sealing the motion exhibits.

Accordingly, the Government respectfully requests that the the Court order that (i) any materials filed as exhibits to the parties' motions *in limine* be filed under seal if they were produced subject to the protective orders in this case and (ii) any portions of the parties' motions *in limine* that discuss the substance of any material produced subject to the protective orders in this case be redacted and filed under seal.  The Government further respectfully requests that the Court render a decision on this application in time for the filing of motions on Friday, or, at the very least, order that such material be filed under seal as a protective measure until the Court reaches a decision on this application.

Dated:   October 20, 2010
         New York, New York

                                    Respectfully submitted,

                                    PREET BHARARA
                                    United States Attorney
                                    Southern District of New York

                                          /s/ J.P.F.
                              By:  _____
                                    Joseph P. Facciponti
                                    Rebecca A. Rohr
                                    Assistant United States Attorneys
                                    (212) 637-2522/2531

**Certificate of Service**                                    **Filed Electronically**

The undersigned attorney, duly admitted to practice before this Court, hereby certifies that on the below date, she served the following document in the manner indicated:

**Government's Motion to Seal Certain Material Related to the Parties' Motions** *in Limine*

Service via Clerk's Notice of Electronic Filing upon the following attorney, who is a Filing User in this case:

    Kevin Marino, Esq.


Dated:    New York, New York
           October 20, 2010

                                      /s/ J.P.F.
                                      Joseph P. Facciponti
                                      Assistant United States Attorney