## MARINO, TORTORELLA & BOYLE, P.C.

ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA**
JOHN A. BOYLE*
ROSEANN BASSLER DAL PRA*

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

e-mail: kmarino@khmarino.com

October 18, 2010

**VIA EMAIL**
Joseph P. Facciponti, A.U.S.A.
United States Attorney Office, S.D.N.Y.
One Saint Andrew's Plaza
New York, NY 10007

    Re:    *United States v. Aleynikov*, 10 Cr. 96 (DLC)

Dear Mr. Facciponti:

    We write in response to your telephone call earlier this afternoon regarding the motions *in limine* scheduled to be filed on Friday, October 22, 2010. During our call, you requested that insofar as the defense motions rely upon documents produced by the Government pursuant to Judge Cote's protective orders, we file those motions under seal. Having reviewed the Court's protective orders and the relevant case law, we write to advise you that we cannot comply with your request.

    The protective orders entered by the Court on May 4, 2010 and June 29, 2010, both state in paragraph 5 that the provisions of each order "shall not be construed as preventing the disclosure of Confidential Information to any judge or magistrate of this Court in any motion, hearing, trial, or sentencing proceeding" held in this matter. Both protective orders are silent with respect to whether materials produced pursuant to them can or must be filed under seal.

    Moreover, the relevant case law makes clear that such a blanket sealing order would be improper because a party seeking to seal materials must satisfy a far more exacting standard than that for obtaining a protective order. In re Parmalat Sec. Litig., 258 F.R.D. 236, 243 (S.D.N.Y. 2009) ("[A] party seeking a protective order sealing trial, other court hearings, or motions and accompanying exhibits filed with the court must satisfy a more demanding standard of good cause.") (quoting In re Terrorist Attacks on September 11, 2001, 454 F. Supp. 2d 220, 222-23 (S.D.N.Y. 2006). As we do not believe in good faith that any of the documents produced to us in discovery by the Government meet that heightened standard, we cannot in good faith request that the Court seal any or all of our motion. If the Government believes that any of the materials it has produced in discovery are the proper subject of a sealing order, it should make an appropriate application to the Court.

**MARINO, TORTORELLA & BOYLE, P.C.**
ATTORNEYS AT LAW

Joseph P. Facciponti, A.U.S.A.
October 18, 2010 — Page 2

      Please be guided accordingly.

                                      Very truly yours,

                                      Kevin H. Marino

cc:    Rebecca Rohr, A.U.S.A.
       Sergey Aleynikov (via email only)