```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,          :      PROTECTIVE ORDER

          -v.-                     :      10 Cr. 96 (DLC)

SERGEY ALEYNIKOV,                  :

                  Defendant.       :

- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/10

On the motion of the United States of America, Preet Bharara, United States Attorney for the Southern District of New York, by Joseph P. Facciponti, Assistant United States Attorney, of counsel ("the Government"), and with the consent of Sergey Aleynikov ("Aleynikov"), the defendant, by his counsel, Kevin Marino, Esq.;

IT IS HEREBY DETERMINED that the Indictment in this case charges Aleynikov with theft of trade secrets, in violation of Title 18, United States Code, Section 1832; interstate and foreign transportation of stolen property, in violation of Title 18, United States Code, Section 2314; and unauthorized computer access, in violation of Title 18, United States Code, Section 1030;

IT IS FURTHER DETERMINED that trial in this matter is set to begin on November 29, 2010;

IT IS FURTHER DETERMINED that, on or about May 4, 2010, Kevin Marino, Esq., filed a notice of appearance in this case,

replacing the Federal Defenders of New York, Inc., as Aleynikov's counsel in this matter;

IT IS FURTHER DETERMINED that the Government seeks to produce discovery to Aleynikov to satisfy its disclosure obligations under Federal Rule of Criminal Procedure 16 and Title 18, United States Code, Section 3500, and that some of that discovery consists of information and data that the Government alleges are proprietary trade secrets belonging to Goldman Sachs & Co. or other organizations;

IT IS FURTHER DETERMINED that pursuant to Title 18, United Stated Code, Section 1835, the entry of this Order is necessary and appropriate to protect the confidentiality of the trade secrets that are at issue in this case and, further, pursuant to Federal Rule of Criminal Procedure 16(d), there is good cause to enter this Order. Accordingly,

IT IS HEREBY ORDERED:

1. Copies of certain materials (including, but not limited to, computer hard drives and other material), which the Government intends to produce to Aleynikov are deemed "Confidential Information." To designate material covered by this Order, the Government shall so designate, on the material itself, in an accompanying cover letter, or on a disk cover, by using the following designation: "Confidential Information - Subject to Protective Order."

2. Confidential Information disclosed to defense counsel pursuant to this Order:

(a) Shall be used only in connection with proceedings in <u>United States v. Sergey Aleynikov</u>, 10 Cr. 96 (DLC);

(b) Shall be kept in the sole possession of Aleynikov's attorney and shall not be disclosed in any form by Aleynikov's attorney except as set forth in paragraph 2(c) below;

(c) May be disclosed by Aleynikov's attorney only to the following persons (hereinafter "Designated Persons"):

    (i) Aleynikov;

    (ii) investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by Aleynikov's attorney; and

    (iii) independent expert witnesses, investigators or advisors retained by Aleynikov's attorney in connection with this action;

(d) Shall be returned to the Government following the conclusion of this case and any and all copies made of said material shall be shredded and destroyed;

(e) Shall not be reviewed by Alyenikov except in the presence of his attorney or another Designated Person, and at

- 3 -

no time shall Alyenikov be given custody of the Confidential Information or any copies thereof;

(f) Shall not be transmitted between and among Alyenikov's attorney and Designated Persons over the Internet or by e-mail.

3. Aleynikov's attorney shall provide a copy of this Order to Designated Persons to whom he discloses information pursuant to paragraphs 2(c)(i), (ii) and (iii). Designated Persons shall be subject to the terms of this Order.

4. If Kevin Marino, Esq., is relieved as counsel for Aleynikov, then the Confidential Information and any copies thereof will be returned to the Government unless replacement counsel agrees to be subject to this Order.

- 4 -

5. The provisions of this Order shall not be construed as preventing the disclosure of Confidential Information to any judge or magistrate of this Court in any motion, hearing, trial, or sentencing proceeding held in <u>United States v. Sergey Aleynikov</u>, 10 Cr. 96 (DLC).

Dated:  New York, New York
        May 4, 2010

SO ORDERED:

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT JUDGE

May 4, 2010

AGREED AND CONSENTED TO:

_____            May 4, 2010
KEVIN MARINO, Esq.                   Date
Attorney for SERGEY ALEYNIKOV

- 5 -