```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :         10 Cr. 96 (DLC)
              -v-                       :
                                        :         MEMORANDUM OPINION
SERGEY ALEYNIKOV,                       :              & ORDER
                   Defendant.           :
                                        :
----------------------------------------X
```

Appearances:

For the United States:

Joseph P. Facciponti
Rebecca A. Rohr
United States Attorney Office
One Saint Andrew's Plaza
New York, NY 10007

For Defendant:

Kevin H. Marino
John D. Tortorella
John A. Boyle
Marino, Tortorella & Boyle P.C.
437 Southern Boulevard
Chatham, NJ 07928

DENISE COTE, District Judge:

The Government requested that portions of the trial in this criminal trade secrets prosecution be conducted in a courtroom closed to the public. The Government gave notice of its intent to make this application in its motions in limine, filed on October 25, 2010. In a letter of November 29, the Government listed the witnesses and areas of testimony which it anticipated

would require exclusion of the public. During an extended colloquy with the Court on November 30, the Government explained why the specific areas listed in the letter would require detailed testimony revealing the trade secrets of the victim Goldman Sachs. Applying the standards set forth in Waller v. Georgia, 467 U.S. 39 (1984), Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501 (1984), and United States v. Alcantara, 396 F.3d 189 (2d Cir. 2005), the Court approved closure when the parties examined witnesses about the specifics of the items identified in the November 29 letter.

The procedure to which the parties thereafter agreed was as follows. The parties were permitted to request that identified persons remain in the courtroom when members of the general public were excluded. The jury was asked to retire to the jury room before an application for sealing was made and at the conclusion of the closed proceedings. Thus, the jury was absent when the public was asked to leave the courtroom and when the public returned. The non-public testimony was taken at the conclusion of a witness' direct testimony and at the beginning of the witness' cross examination in an effort to create a seamless transition so as to conceal from the jury that there was any distinction being made between the public and non-public portions of the trial testimony. Over the course of the eight

day trial, the courtroom was closed on seven occasions, most of them lasting no longer than 20 minutes.

Because of the need to present the testimony about the trade secrets in context, there were occasions when more testimony was taken in a closed courtroom setting than was strictly necessary.  This was particularly true during defense counsel's cross-examination of witnesses.  In addition, the courtroom had to be closed because of the sensitive nature of several documents that were displayed during the examination. As a result, near the close of the trial the Court asked the parties to review the transcript to determine whether more of the trial transcript could be placed in the public record.

In a notice of December 13, the Government identified sections of the trial transcript that can be unsealed.  The defendant does not oppose this application or request that any further portions of the trial transcript be unsealed.  Having reviewed the entirety of the sealed transcript, the Court approves the unsealing of the transcript passages identified in the Government's December 13 application, and approves the continued sealing of the remaining portions of the transcript with the following exception.  The parties shall advise the Court by Wednesday, December 15 at noon whether they have any objection to unsealing the following additional portions of the

3

transcript: page 1408, lines 3-17; page 1412, line 14 to page 1413, line 4; and page 1413, line 23 to page 1414, line 15.

SO ORDERED:

Dated:   New York, New York
         December 14, 2010

                                        _____
                                              DENISE COTE
                                        United States District Judge