```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,            :

        -v.-                         :

SERGEY ALEYNIKOV,                    :

              Defendant.             :
- - - - - - - - - - - - - - - - - - -x
```

UNDER SEAL

UNSEALING ORDER

10 Cr. 96 (DLC)

*Unsealed 11/26/12*

On the application of the United States of America, Preet Bharara, United States Attorney for the Southern District of New York, by Thomas Brown, Assistant United States Attorney, of counsel ("the Government");

IT IS HEREBY DETERMINED that on or about May 4, 2010 and June 29, 2010, this Court entered two protective orders intended to govern the use of confidential material produced in discovery in this case[1];

IT IS FURTHER DETERMINED that, to protect the trade secrets at issue during trial in this matter, the Court periodically ordered that the courtroom be closed during portions of witness testimony and that the transcript of those portions of the testimony be sealed. In an opinion and order dated December 14, 2010, the Court affirmed this practice. In addition, on December 13, 2010, this Court entered an order sealing certain

---

[1] In addition, on September 10, 2009, Judge Gerard Lynch, sitting in Part I, signed a similar confidentiality order addressing pre-indictment discovery in this case.

trial exhibits and further ordering that certain trial exhibits may be publicly filed in redacted form;

IT IS FURTHER DETERMINED that the District Attorney's Office for New York County ("DANY") has initiated a grand jury investigation regarding Sergey Aleynikov's allegedly unlawful taking of computer source code from Goldman Sachs & Co.;

IT IS FURTHER DETERMINED that DANY has requested access to certain materials to facilitate their investigation and possible prosecution of Aleynikov;

IT IS FURTHER DETERMINED that Sergey Aleynikov is seeking the return of his passport and is planning to travel to Russia in the near future.

Accordingly, it is hereby ORDERED:

(1) That the following materials are unsealed for the limited purpose of allowing the Government to provide them to DANY for that office's investigation and potential prosecution of Aleynikov: (A) any sealed portions of the trial transcript in this case, (B) any sealed trial exhibits in this case, (C) the unredacted versions of any redacted trial exhibits in this case; (D) any other material subject to the protective orders in this case. Apart from sharing these materials with DANY for use in their case, these materials shall otherwise remain under seal in this case.

(2) Due to the risk that Aleynikov may flee prosecution if he learns of the existence of DANY's investigation, this order and the accompanying application shall be filed under seal, and no reference to them shall be placed on the Court's ECF system until further order of this Court.

SO ORDERED.

Dated:  New York, New York
        July /2, 2012

                                    SO ORDERED:

                                    _____
                                    HON. DENISE L. COTE
                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,            :

   -v.-                              :

SERGEY ALEYNIKOV,                    :

              Defendant.        :

- - - - - - - - - - - - - - - - - - -x

**UNDER SEAL**

EX PARTE APPLICATION FOR
UNSEALING ORDER

10 Cr. 96 (DLC)

     THOMAS BROWN, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

     1.   I am an Assistant United States Attorney in the Office of Preet Bharara, United States Attorney for the Southern District of New York. I submit this affirmation in support of an application for an order: (i) unsealing certain materials from this case for the limited purpose of providing them to the District Attorney's Office for New York County ("DANY") to assist with that office's grand jury investigation of Sergey Aleynikov, and (ii) directing that this Application and any related orders issued by the Court be filed under seal, and that all docketing entries relating to this Application and any related orders be delayed until such time as DANY either initiates or declines to initiate a criminal case against Aleynikov.

     2.   The Indictment in this case charged Aleynikov with theft of trade secrets, in violation of Title 18, United States Code, Section 1832 (Count One); interstate and foreign transportation of stolen property, in violation of Title 18,

United States Code, Section 2314 (Count Two); and unauthorized computer access, in violation of Title 18, United States Code, Section 1030 (Count Three). Count Three was dismissed by the Court in an opinion dated September 3, 2010. On December 10, 2010, Aleynikov was convicted after a jury trial on Counts One and Two of the Indictment. By an order dated February 17, 2012 and in an opinion dated April 11, 2012, the Court of Appeals for the Second Circuit reversed Aleynikov's convictions on Counts One and Two. Accordingly, on June 5, 2012, this Court entered a Judgment of Acquittal on Counts One and Two.

    3. On or about May 4, 2010 and June 29, 2010, this Court entered two protective orders intended to govern the use of confidential material produced in discovery in this case.[1] To protect the trade secrets at issue during trial in this matter, the Court periodically ordered that the courtroom be closed during portions of witness testimony and that the transcript of those portions of testimony be sealed. In an opinion and order dated December 14, 2010, the Court affirmed this practice. In addition, on December 13, 2010, this Court entered an order sealing certain trial exhibits and further ordering that certain trial exhibits may be publicly filed in redacted form.

---

[1] In addition, on September 10, 2009, Judge Gerard Lynch, sitting in Part I, signed a similar confidentiality order addressing pre-indictment discovery in this case.

4. The District Attorney's Office for New York County has informed this Office that it has opened a grand jury investigation into Aleynikov's alleged unlawful taking of source code from Goldman Sachs & Co. and is considering charging him with New York State crimes including, among others, Unlawful Use of Secret Scientific Material (PL 165.07) and Unlawful Duplication of Computer-Related Material in the First Degree (PL 156.30(1)). DANY has further informed this Office that the grand jury investigation is actively proceeding, and that DANY may seek the return of criminal charges within 30 days. To assist with their investigation and possible prosecution, DANY has requested access to (i) the sealed portions of the trial transcript in this case; (ii) the sealed trial exhibits in this case; (iii) unredacted versions of the redacted trial exhibits; and (iv) any other material covered by this Court's protective orders. Accordingly, the Government requests that these materials be unsealed solely for the purpose of providing them to DANY for use in that office's investigation and potential prosecution, but that these materials otherwise remain sealed in this case.

5. Based on representations from Aleynikov's attorney, Kevin H. Marino, Esq., to this Office, Aleynikov is in the process of having his passport returned by the U.S. State Department and is planning to travel to Russia this summer. If Aleynikov were to learn of the existence of DANY's investigation,

- 3 -

he may elect to flee the United States to Russia, from which he could not be extradited.  Accordingly, the Government submits this application *ex parte* and further requests that this application and any order issued by the Court be filed under seal and that no reference to the order or application appear on the Court's ECF system until such time as DANY either initiates or declines to initiate a criminal case against Aleynikov.

      6.    In <u>United States</u> v. <u>Alcantara</u>, 396 F.3d 189 (2d Cir. 2005), the Second Circuit recognized that circumstances may exist under which it is appropriate for district courts to delay the docketing of certain entries.  <u>See</u> <u>Alcantara</u>, 396 F.3d at 200 n.8.  Specifically, the Court reiterated that "a motion for courtroom closure should be docketed in the public docket files maintained in the court clerk's office" in order to give notice of the proceeding to the public, 396 F.3d at 199; however, the Court then went on to recognize that there may be circumstances under which a district court could order that the docketing of the proceeding be delayed for a reasonable period of time, provided (i) that the interval of delayed docketing "ends upon a specified date or the occurrence, within a reasonable time, of a specified event," and (ii) that the reasons for doing so are set forth by the judge for eventual appellate scrutiny.  <u>See</u> <u>Alcantara</u>, 396 F.3d at 200 n.8 (citing <u>In re The Herald Co.</u>, 734 F.2d 93, 102-103 n.7 (2d Cir. 1984)).  Here, the Government

respectfully submits that the risk that Aleynikov will flee if he becomes aware of the pending state criminal investigation is an appropriate basis for the Government's delayed docketing request. The Government requests delayed docketing only until DANY either initiates or declines to initiate a criminal case against Aleynikov. The Government anticipates that this specified event will occur within the next 30 to 60 days.

    I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:    New York, New York
           July 12, 2012

_____
THOMAS BROWN
Assistant U.S. Attorney
(212) 637-2194